IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CHRISTIAN CUSICK,<br>Institutional ID No. 119838<br><br>        Plaintiff,<br><br>v.<br><br>TDCJ PAROLE DIVISION,<br><br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-cv-00232-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Christian Cusick, a former TDCJ inmate, filed this pro se civil rights action on November 03, 2025, complaining of events that occurred while he was incarcerated at the El Paso County Jail Annex.[1] Dkt. No. 1. Through this 42 U.S.C. § 1983 action, Cusick alleges that the TDCJ Parole Division violated his constitutional rights. *See* Dkt. Nos. 6, 11. He seeks monetary damages. Dkt. No. 6 at 4.

Cusick's claims are subject to judicial screening under 28 U.S.C. §§ 1915, 1915A because Cusick has been granted leave to proceed in forma pauperis, Dkt. No. 8, and he sues a governmental entity, *see* Dkt. No. 1. United States District Court Judge James Wesley Hendrix transferred Cusick's case to the undersigned for preliminary screening. Dkt.

---

[1] Cusick is currently in custody at the Taylor County Adult Detention Facility for an unrelated matter. TCADF is managed by the Taylor County Sheriff's Office and is not a part of the TDCJ. TCADF serves as a county jail for individuals awaiting trial or sentencing.

1

No. 9; 28 U.S.C. § 636(c). Cusick has not consented to the undersigned exercising the full jurisdiction of this Court.

For the reasons below, the Court should DISMISS Cusick's claims.

## I. FACTUAL BACKGROUND

Cusick alleges that in November 2023, he was arrested by the El Paso County Sheriff's Office for allegedly violating a condition of his parole. Dkt. No. 6 at 4. Following a hearing, parole authorities found Cusick not guilty of any parole violation. *Id*. Despite that determination, he alleges that he was nevertheless "held by parole" and was not released until February 29, 2024. *Id*. According to Cusick, this release occurred twenty-seven days after the discharge date on his original sentence. *Id*.

Cusick contends that the TDCJ Parole Division is responsible for not releasing him after the hearing and for holding him past his discharge date. Cusick alleges that his constitutional rights were violated because "parole refused to communicate with El Paso County Jail staff" and that his claims against the Parole Division are due to the Division's "general role in overseeing the parole program." Dkt. No. 11 at 3–4. In the Magistrate Judge's Questionnaire, the undersigned asked Cusick the following:

> Name any entities or individuals other than the TDCJ Parole Division that you claim violated your civil rights in connection with this lawsuit. If none, write none. If you wish to add additional defendants, list their name, position, and specific facts regarding their involvement.

Dkt. No. 11 at 4. Cusick answered "None." *Id*.

## II. LEGAL STANDARDS

When screening a case under § 1915A, dismissal is appropriate when the plaintiff "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Likewise, when screening a case under § 1915, dismissal is appropriate when the plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. ANALYSIS

Absent consent to suit, waiver of immunity by the state, or congressional abrogation of sovereign immunity, the "Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department." *Fortenberry v. Bd. of Pardons and Parole*, Civil Action No. 7:15-cv-167-O, 2018 WL 9739270, at *1 (N.D. Tex. Sep. 28, 2018). "As a division of the Texas Department of Criminal Justice, the [Texas] Board of Pardons and Paroles is a state agency." *Id.* (citing *Alberti v. Sheriff of Harris County, Tex.*, 937 F.2d 984, 1003 (5th Cir. 1991); Tex. Gov't Code Ann. §§ 493.002(a)(3), 493.005). This immunity applies equally to the TDCJ Parole Division. *Jackson v. TDCJ Pardon & Parole Div.*, No. CIV.A. 301CV2304L, 2002 WL 485696, at *2 (N.D. Tex. Mar. 29, 2002) ("the Pardons and Paroles Division is a state agency and, as such, is cloaked with Eleventh Amendment immunity).

Texas has not waived its Eleventh Amendment immunity with respect to suits against the Department of Criminal Justice. *See id.* (citing Tex. Gov't Code Ann. § 492.010). Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983, the statute under which Cusick brings suit. *See Will v. Mich. Dep't of State Police*,

3

491 U.S. 58, 66 (1989). Because there is no consent, waiver, or abrogation, the Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice are not amenable to suit. *Fortenberry*, 2018 WL 9739270, at *1.

Here, Cusick seeks monetary relief from TDCJ Parole Division.[2] The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity. *See Duncan v. State of Texas*, No. 3:15-CV-711-L-BN, 2015 WL 7566270, at *6 (N.D. Tex. Sept. 17, 2015), report and recommendation adopted sub nom. *Duncan v. The State of Texas*, No. 3:15-CV-711-L, 2015 WL 7450497 (N.D. Tex. Nov. 24, 2015) (citing *Waller v. Collier,* 297 F. App'x 326, 327 (5th Cir. 2008) (per curiam)) (citing in turn *McGrew v. Tex. Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995)). Therefore, Cusick's § 1983 claim for damages against Defendant is barred by the Eleventh Amendment. Accordingly, Plaintiff's claims against this Defendant should be dismissed under Sections 1915(e)(2)(B) and 1915A(b)(2) because Cusick seeks monetary relief against a defendant who is immune from such relief.

---

[2] The undersigned takes judicial notice of the relationship between the Parole Division (which Plaintiff sues) and the Board of Pardons and Paroles. *See* https://tdcj.texas.gov/divisions/pd/index.html.

> The Parole Division supervises offenders released from prison who are serving out their sentences in Texas communities. The division also performs some pre-release functions by investigating the parole plans proposed by inmates and by tracking parole eligible cases and submitting them for timely consideration by the Board of Pardons and Paroles.

> The division does not make release decisions, nor does it decide whose parole should be revoked or what special conditions should be placed on releasees. Authority for those decisions rests with the Board of Pardons and Paroles, but the division works closely with the board and provides board members with the documentation needed to make informed decisions.

Although Plaintiff sues the Parole Division, both state entities are cloaked with Eleventh Amendment immunity.

Cusick's claims fare no better if the Court construes them against unnamed officers of the Parole Division in their personal capacities. "Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir.1995) (per curiam) (citing *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)); *see Woods v. Chapman,* 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole).

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that all claims against the Texas Department of Criminal Justice Parole Division be DISMISSED WITHOUT PREJUDICE at the screening stage because the Defendant is immune from suit.[3]

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within four-

---

[3] Although the Abilene Division is also unlikely a proper venue for Cusick's claims, the question of venue does not arise until a district court satisfies itself that it possesses subject matter jurisdiction. This is why "[a] Court may not order a transfer under either section 1404(a) or section 1406(a) unless it has jurisdiction over the subject matter of [the] lawsuit." *Andrade v. Chojnacki*, 934 F. Supp. 817, 824 (S.D. Tex. 1996) (citing 15 Charles A. Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 262, and § 3844, at 332 (2d ed. 1986)); *see Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 n. 8 (5th Cir. 1986). This jurisdictional prerequisite for venue transfers is reflected in the limitation of transfers under § 1404(a) and § 1406(a) to only those districts or divisions where the case might or could have been brought in the first place. Due to sovereign immunity, Cusick's case could not be brought in any district or division.

teen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VI. TRANSFER OF CASE

Having completed the preliminary screening of Cusick's claims, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:25-CV-00232-H.

ORDERED this 25th day of February 2026.

_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

6